# UNITED STATES DISTRICT COURT

Western District of Kentucky
Louisville Division

| | | |
|---|---|---|
| Christopher Hawkins | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.  3:20CV-686-CRS |
| | ) | |
| James E. Bruce | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     James E. Bruce | ) | |
|     1724 South Virginia Street | ) | |
|     P.O. Box 603 | ) | |
|     Hopkinsville, KY 42240 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action by Plaintiff Christopher Hawkins against Defendant James E. Bruce for his violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices.

### JURISDICTION and VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. §1692k(d), and 28 U.S.C. § 2201. Venue is proper because the nucleus of facts and events at issue in this case arose in Hardin County, Kentucky where Plaintiff resides and which is located in this district.

### PARTIES

3.      Plaintiff Christopher Hawkins is a natural person who resides in Hardin County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

4.      Defendant James E. Bruce ("Bruce") is a Kentucky collection attorney engaged in the business of collecting debts on behalf of others such as Mariner Finance, LLC. Mr. Bruce's principal place of business is located at 1724 South Virginia Street, Hopkinsville, KY 42240.

5.      Mr. Bruce regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Mr. Bruce's principal business purpose is the collection of debt. Mr. Bruce is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6.      On or about January 30, 2019, Mr. Hawkins entered into a personal loan with Regency Finance Company ("Regency"), which, like Mariner, is regulated by Kentucky's consumer loan company statutes, KRS 286.4-410 *et seq.* A true and accurate copy of the Loan, Note, and Truth-in-Lending Disclosure Statement between Mr. Hawkins and Regency (the "Regency Note") is attached as Exhibit "A."

7.      The Regency Note was a precomputed loan that included a precomputed finance charge of $1,373.76, which corresponds to a hefty 35.994% APR. Mr. Hawkins financed $2,344.88 under the Regency Note, which included a financing of $247.09 for credit insurance and $24.01 for property insurance:



8.      According to Regency's website (https://www.regencyfinance.com/; last visited September 30, 2020), Mariner Finance, LLC ("Mariner") acquired Regency on March 1, 2019.

9.      On or about October 9, 2019, Defendant James E. Bruce ("Bruce") on Mariner's behalf, filed a collection action against Mr. Hawkins in the Hardin District Court of Hardin County, Kentucky under case number 19-C-61260 (the "State Collection Lawsuit"). A true and accurate copy of the complaint filed by Mr. Bruce in the State Collection Lawsuit (the "Collection Complaint") is attached as Exhibit "B."

10.      On October 31, 2019, the parties entered into an Agreed Judgment. A true and accurate copy of the Agreed Judgment is attached as Exhibit "C." Mr. Bruce sent the Agreed Judgment to Mr. Hawkins in a take-it-or-leave it offer. The Agreed Judgment awards Mariner interest at the rate of 34.55%:

> By agreement of the Plaintiff, by counsel, and the Defendant, CHRISTOPHER HAWKINS    signing below, it is agreed, ordered and adjudged that the Plaintiff shall recover from the Defendant, the sum of $2298.32 plus interest that accrues after 10/02/2019 at the rate set forth in the note 34.55% together with court costs of $180.50and attorney's fees of $766.10

11.    There is no legal or contractual basis for Mariner to sue for or recover interest at 34.55% per annum or at any rate of interest whatsoever. The Regency Note is a precomputed finance charge loan that contains no provision for a contract rate of interest.

12.    Consumer loan company statutes that regulate Mariner and Regency do allow including a contractual provision for converting a precomputed into a simple interest loan, the Regency Note does not contain such a provision.

13.    Most consumer loan company loans are precomputed loans with finance charges within the rate caps set forth in KRS 286.4-530(1). But a consumer loan company has the option under KRS 286.4-530(8) to offer simple-interest loans at interest of no more than 2% per month for loans for $3,000 or greater or 3% per month for loans less than $3,000, which interest "shall not be paid, deducted, received in advance, or compounded but shall be computed, collected, and received only on unpaid principal balances for the time actually outstanding." Additionally, a consumer loan company may, after default, convert a pre-computed loan into a simple-interest loan. But to do so, the consumer loan company has to comply with several conditions:

> (7) If two (2) or more full installments are in default for one (1) full month or more at any installment date *and if the contract so provides*, **the licensee may reduce the contract balance by the refund or credit which would be required for prepayment in full on such installment date.** Thereafter, in lieu of charging, collecting, or receiving charges as provided in subsections (1) to (6) inclusive of this section, charges may be charged, collected, and received as provided by subsection (8) of this section until the contract is fully paid.
>
> (8) In lieu of computing and collecting charges as provided in subsections (1) to (6) inclusive of this section, a licensee may contract for, collect, and receive on loans of fifteen thousand dollars ($15,000) or less charges as permitted in subsection (1) of this section computed on the unpaid principal balance of the loan from time to time outstanding. **Such charges shall not be paid, deducted, received in advance, or compounded but shall be computed, collected, and received only on unpaid principal balances for the time actually outstanding.** The definition of a

> month and of a day in subsection (2) of this section shall apply for the purposes of such computations.

KRS 286.4-530(7-8) (bolding and emphasis added).

14.     The Regency Note does not have a contract provision that conforms with the statutory language of KRS 286.4-530(7). This requires language substantially similar to this:

> If two or more full installments are in default for one full month or more at any installment due date, at our option, we may reduce the unpaid Account Balance by crediting thereto that portion of precomputed charges which would be refunded for prepayment in full on such installment due date and thereafter interest applied to the remaining unpaid balance at the Interest Rate until the note is paid in full.

15.     The Regency Note does not have any provision like the above or that in any way echoes the statutory language of KRS 286.4-530(7). Rather, the Regency Note provides:

> If Borrower is in default, the entire outstanding balance on this Note shall be immediately due, including accrued charges if precomputed at the option of the Lender. This will happen without any prior notice to Borrower, or right to cure, except as required by law. Lender will have such additional rights and remedies as set forth in any mortgage or security agreement securing this Note.

Exhibit "A."

16.     The above default provision from the Regency Note does not give Mariner the right to apply a contract rate of interest to remaining unpaid balance of the loan after crediting the unearned finance charges. Just as importantly, the Regency Note does not provide for accruing interest at the simple interest rate of 34.55% or at any rate. Therefore, because the Regency Note does not provide for conversion on the Regency Note to an interest-bearing note, neither Regency nor Mariner has any right to charge or collect a contract rate interest of 34.55% per annum from Mr. Hawkins.

17.     "It may be accepted as an uncontrovertible proposition that agreements between a debtor and creditor, while the debt exists, by which the debtor undertakes to waive objections to usurious rate of interest, or obligates himself not to claim the benefits of the statutes against usury, are void." *Cynthiana Building & Savings Association v. Ecklar*, 112 Ky. 164, 65 S.W. 335 (1901). *Accord Gudgel v. Kaelin*, 551 S.W.2d 803, 805–06 (Ky. App. 1977) (quoting *Ecklar* with approval).

18.    KRS 360.020 effectively declares void any provision in a contract that contains usurious interest:

> The taking, receiving, reserving, or charging a rate of interest greater than is allowed by KRS 360.010, when knowingly done, shall be deemed a **forfeiture of the entire interest** which the note, bill, or other evidence of debt carries with it, or which has been **agreed to be paid** thereon

(bolding added)

19.    Voiding all interest in a consumer contract that includes usurious interest is one of the two main approaches take by states making up these United States. As explained in American Jurisprudence, Second:

> While some laws expressly declare all contracts tainted with usury void, other statutes declare usurious contracts void only so far as they relate to the illegal interest, and permit the recovery of principal, but may forbid the recovery of interest if the question is properly raised. With regard to other statutes, it is said that the inclusion of specific penalties in usury statutes, to the exclusion of avoidance, precludes a construction that the legislature intended contracts in violation of the usury statutes to be absolutely void. It has also been held that a loan that runs afoul of a state's criminal usury statute is not void ab initio, it being potentially voidable, but also potentially subject to nothing more than reformation by a court of competent jurisdiction. A number of statutes merely prohibit the taking of more than a stated rate of interest. In such an instance, the usurious provisions of the loan are void, but the contract is valid as to the lawful interest and the statute avoids the contract only as to the excess, so that recovery may be had of the principal or the principal with legal interest.

44B Am. Jur. 2d *Interest and Usury* § 158 (online version visited June 25, 2020). (A true and accurate copy of 44B Am. Jur. 2d *Interest and Usury* § 158 is attached as Exhibit "D".) *Accord Howard v. Bank of Commerce*, 271 Ky. 202, 111 S.W.2d 594, 595 (1937). In *Howard,*

> The Bank of Commerce of Lexington sued Eliza Howard and her husband, L. D. Howard, to recover on a $11,850 note, and to enforce a mortgage lien securing its payment. The chancellor canceled the note and mortgage, but on appeal the judgment was reversed and cause remanded **with directions to eliminate the usury** and **give judgment for balance**. *Bank of Commerce v. Howard*, 257 Ky. 395, 78 S.W.2d 36, 37.

*Id.* at 595.

20.     Mr. Bruce violated the FDCPA by **(i)** misrepresenting the character and status of the Regency Note by falsely claiming in the collection complaint he drafted and filed against Mr. Hawkins and in the Agreed Judgment he drafted and sent to Mr. Hawkins; **(ii)** misrepresenting and grossly overstating the amount due in the Wage Garnishment; and **(iii)** collecting usurious interest from Mr. Hawkins on behalf of Mariner that neither he nor Mariner had any legal or contractual right to collect from  Mr. Hawkins, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

## CLAIMS FOR RELIEF

21.     The foregoing acts and omissions of James E. Bruce constitute violations of the FDCPA. which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA. Mr. Bruce violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christopher Hawkins requests that the Court grant him the following relief:

1.     Award Plaintiff maximum statutory damages;

2.     Award Plaintiff his actual damages;

3.     Award Plaintiff his reasonable attorney's fees and costs;

4.     A trial by jury; and

5.     Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
E-mail: jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*

-7-

115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
E-mail: james@kyconsumerlaw.com