UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHRISTOPHER HAWKINS                                               PLAINTIFF

vs.                                            CIVIL ACTION NO. 3:20-CV-686-CRS

JAMES E. BRUCE                                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on the motion of the Defendant, James Bruce ("Bruce"), to dismiss. DN 6. Plaintiff, Christopher Hawkins ("Hawkins"), filed a response. DN 11. Bruce then filed a reply. DN 14. The matter is now ripe for review.

For the reasons stated herein, Bruce's motion to dismiss will be granted.

## I. BACKGROUND

Hawkins entered into a precomputed personal loan with Regency Finance Company ("Regency Finance") in January 2019.[1] DN 1 at 2. According to the Loan Note and Truth-in-Lending Disclosure Statement ("Loan Note"), Hawkins' loan totaled $3,718.64, which represents $2,344.88 of the "amount financed" plus precomputed "finance charges" of $1,373.76 based upon an annual percentage rate of 35.994. DN 1-1 at 2.

Mariner Finance, LLC ("Mariner Finance") acquired Regency Finance in March 2019. DN 1 at 2. In October 2019, Bruce, on behalf of Mariner Finance, filed a collection complaint against Hawkins in Hardin County District Court after Hawkins failed to "make payments in accordance with the terms of the [Loan Note]." DN 1 at 2, 1-2 at 2. The Collection Complaint's prayer for

---

[1] A precomputed loan does not allocate a portion of each payment to the principal and a portion to interest like simple interest loans. Instead, the interest for the term of the loan is calculated when the loan is made and included in the account balance. The total amount of a precomputed loan is made up of the amount borrowed, plus precomputed interest, plus any prepaid finance charges, such as loan fees charged in addition to interest.

relief asks the Hardin County District Court to enter a judgment against Hawkins for "$2298.32 plus interest that accrues after 10/02/2019 at the rate set forth in the [Loan Note] until paid in full." DN 1-2 at 3. The Collection Complaint also requests the court to award "costs expended herein as provided in the note, including a reasonable attorney's fee." DN 1-2 at 3.

Several weeks later, Hawkins and Mariner Finance reached a settlement agreement. DN 1 at 2. The Agreed Judgment was prepared by Bruce and provides, in relevant part, that:

> By agreement of the Plaintiff, by counsel, and the Defendant, Christopher Hawkins signing below, it is agreed, ordered and adjudged that the Plaintiff shall recover from the Defendant, the sum of $2298.32 plus interest that accrues after 10/02/2019 at the rate set forth in the note 34.55% together with court costs of $180.50 and attorney's fees of $766.10.
>
> It is further agreed and hereby ordered that the aforementioned sum may be paid with an initial payment of $155.00 due 11/16/19 and payments of $155.00 due no later than the 15th of each month thereafter, until the debt, interest, court costs, and attorney's fees are paid in full. So long as said payments are made without fail, no execution or garnishment shall be issued. Upon default under the terms herein the entire remaining amount of this judgment shall immediately become due and payable and the Plaintiff may proceed to enforce the judgment forthwith.
>
> The Defendant is aware by the signing of this document that the attorney preparing this document represents the Plaintiff, and not the Defendant. The Defendant understands that he is entering into this agreement under his own free will and is aware of his right to separate legal counsel.

DN 1-3 at 2. The Hardin County District Court subsequently signed and entered the Agreed Judgment. DN 1-3 at 3.

In May 2020, Hawkins filed a motion to vacate or amend the Agreed Judgment. DN 6-1. He argued that the Agreed Judgment should be revised because Mariner Finance "falsely represented to [him] that the [Loan] Note gave Mariner [Finance] the right to charge and collect a contract rate of interest of 34.55% per annum." DN 6-1 at 7. He also contended that Mariner

Finance "should not be rewarded with an award of attorney's fees based on false and fraudulent representations to Mr. Hawkins and [the Hardin County District Court]." DN 6-1 at 9.

After reviewing briefs filed by Hawkins and Mariner Finance, as well as hearing oral argument, the Hardin County District Court issued an order denying Hawkins' motion. DN 6-2 at 2-3. Hawkins then appealed to the Hardin County Circuit Court, but Judge Kelly Mark Easton upheld the district court's order. DN 6-3 at 3. Judge Easton's memorandum opinion states that:

> The claim of usurious interest was arguable at best. The Note and Truth-In-Lending Disclosure shows the interest rate charged. The rate did not violate the governing statutes, although part of the argument was about precomputing interest. The attorneys were able to state opposing views about the interest in writing and during oral argument on June 16, 2020 to the district court.
>
> The finality of judgments is not a minor concern, especially in the context of agreed judgments. The district court rejected the effort to reopen this Agreed Judgment. The circumstances did not establish fraud or mistake, which can justify reopening an agreement.
>
> Regardless of which side may someday persuade a court about calculation of interest in such loans, it was a debatable issue when Hawkins signed this Agreed Judgment. Hawkins received a benefit for the agreement. The parties established a payment plan. Hawkins avoided immediate execution on the debt, including garnishment.
>
> The circumstances do not come close to a fragrant miscarriage of justice needed to compel granting a CR 60.02 motion.

DN 6-3 at 2-3.

Hawkins filed this lawsuit on October 8, 2020, alleging that Bruce's representations within the Collection Complaint and Agreed Judgment violated the Fair Debt Collection Practices Act ("FDCPA"). DN 1. Bruce then moved to dismiss the Complaint. DN 6. Hawkins subsequently requested leave to file an amended complaint. DN 9.

The Court will first address the arguments raised in Bruce's motion to dismiss because the claims asserted in Hawkins' amended complaint are not currently part of this case.

## II. <u>ANALYSIS</u>

### A.  Bruce's Motion to Dismiss

Hawkins' Complaint sets forth five pages of factual allegations. DN 1 at 2-6. At paragraph twenty, he alleges that Bruce violated the FDCPA by: "(1) misrepresenting the character and status of the [Loan] Note by falsely claiming in the collection complaint he drafted and filed against Mr. Hawkins and in the Agreed Judgment he drafted and sent to Mr. Hawkins; (2) misrepresenting and grossly overstating the amount due in the Wage Garnishment; and (3) collecting usurious interest from Mr. Hawkins on behalf of Mariner [Finance] that neither he nor Mariner [Finance] had any legal or contractual right to collect from Mr. Hawkins, which violations each created a material risk of harm to the interest recognized by Congress in enacting the FDCPA." DN 1 at 6. Hawkins' lone paragraph outlining his "claim for relief" asserts that "the foregoing acts and omissions of Mr. Bruce . . . violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute." DN 1 at 6.

Bruce argues that Hawkins' claims should be dismissed considering the *Rooker-Feldman* doctrine, collateral estoppel, and the Federal Rules' pleading standards. DN 6-at 5-11, 14 at 3-10. On the other hand, Hawkins contends that the *Rooker-Feldman* doctrine does not bar his claims because he does not "challenge the Agreed Judgment." DN 11 at 9. He did not address the implications of collateral estoppel.

### 1.  "Misrepresenting the Character and Status of the [Loan] Note"

Hawkins' first claim alleges that Bruce violated provisions of the FDCPA by "misrepresenting the character and status of the [Loan] Note . . . ." DN 1 at 6. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, [that] 'states a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

4

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The pleading standard outlined in Rule 8 does not require a complaint to contain "detailed factual allegations, but it demands more than an unadorned, the-defendant unlawfully harmed me accusation." *Id*. As such, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

In undertaking this inquiry, the Court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

Even when viewed in the light most favorable to Hawkins, his first claim is incomprehensible and fails to state a claim upon which relief may be granted. Although the general subject matter can be discerned, Hawkins' claim appears to be missing several words to identify what Bruce "falsely claim[ed]" in the Collection Complaint that allegedly violated provisions of the FDCPA. DN 1 at 6. Further, Hawkins' allegation does not accomplish the principal function of pleadings under the Federal Rules because it fails to provide Bruce fair notice of the claim asserted against him or enable Bruce to answer and prepare for trial. Accordingly, Hawkins failure to provide any indication of what actions Bruce took that allegedly give rise to liability under the FDCPA requires this claim to be dismissed.

### 2. "Misrepresenting . . . the Amount Due in the Wage Garnishment"

Hawkins' second claim regarding "the amount due in the Wage Garnishment" is also untenable considering the motion to dismiss standard stated above. Hawkins' Complaint does not allege that Bruce filed a wage garnishment against him. In fact, Hawkins' motion for leave to file an amended complaint "removes erroneous claims from [his] original Complaint [] regarding a wage garnishment." DN 9 at 1. As such, this claim fails to suggest any plausible federal claim and will be dismissed.

### 3.   "Collecting Usurious Interest from Hawkins"

Hawkins' remaining claim requires us to consider whether Bruce violated provisions of the FDCPA by seeking to collect "usurious interest from Mr. Hawkins on behalf of Mariner [Finance]." DN 1 at 6. To support Bruce's arguments regarding this claim, he attached several exhibits that evidence documents filed in the earlier state court action, which are not referred to in the Complaint. DN 6-1, 6-2, 6-3. Although courts may consider matters of public record without converting a motion to dismiss into a motion for summary judgment, the Court finds that it is proper to treat the portion of Bruce's motion related to this claim as one for summary judgment. *See J.P. Silverton Indus. L.P. v. Sohm*, 243 F. App'x 82, 86–87 (6th Cir. 2007) ("the district court would have been permitted to dispose of Sohm's motion under Rule 12(b)(6) and still consider the attached records. However, neither *Jackson* nor other Sixth Circuit cases stating the same rule . . . forbid district courts to convert 12(b)(6) motions into summary judgment motions when the court accepts the filing of public records in support of the motion"); *see also Clark v. Walt Disney Co*., 642 F. Supp. 2d 775, 783 (S.D. Ohio 2009).

Before converting a motion to dismiss to one for summary judgment, a court must give the parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). But notice is only required to the extent that "one party is likely to be surprised

by the proceedings." *Wysocki v. Int'l Bus. Machs. Corp.*, 607 F.3d 1102, 1105 (6th Cir. 2010) (citing *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Tr. Fund*, 203 F.3d 926, 931 (6th Cir. 2000)). The necessity of prior notice "depends upon the facts and circumstances of each case." *Id.* (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998)).

Under the situation presented here, Bruce attached three documents that are extrinsic to the pleadings: (1) Hawkins' motion to vacate that was filed in the state court action; (2) the Hardin County District Court's order that denied Hawkins' motion to vacate; and (3) Judge Easton's memorandum opinion that affirmed the Hardin County District Court's order. DN 6-1, 6-2, 6-3. Hawkins conceded in his Response that he (1) "moved under Ky. R. Civ. P. 60.02 to alter, amend, or vacate the Agreed Judgment on grounds that the Agreed Judgment included usurious interest;" (2) the "Hardin [County] District Court judge denied the motion;" and (3) that he "appealed the order denying [his motion to vacate] to the Hardin Circuit Court, which affirmed the trial court." DN 11 at 3.

The procedural arguments raised in Bruce's motion to dismiss unquestionably require this Court to assess the circumstances of an earlier state court proceeding. Although Hawkins' Response does not elaborate on the information contained within the extrinsic exhibits Bruce attached to his motion, he did not object to the court's ability to evaluate these exhibits in resolving whether his claim is barred under the *Rooker-Feldman* doctrine or precluded under collateral estoppel. Therefore, we conclude that the parties have provided the Court with all the pertinent material regarding this claim and that notice is unnecessary because our decision is unlikely to surprise Hawkins, who is presently represented by the same counsel he obtained below.

A party moving for summary judgment must demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 263 (1986). An issue of material fact is genuine if a rational fact finder could find in favor of either party on the issue. *Id.* at 248.

In undertaking this analysis, the Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The party moving for summary judgment bears the burden of establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A party can meet this burden by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute." Fed. R. Civ. P. 56 (c)(1). This burden can also be met by demonstrating that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### a. *Rooker-Feldman* Doctrine

The Court will first address whether it has jurisdiction over Hawkins' FDCPA claim in light of the *Rooker-Feldman* doctrine. This doctrine "bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012); *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). The United States

Supreme Court has stated that the doctrine is limited and applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine does not "otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Id.*; *see also Berry*, 688 F.3d at 299 ("*Rooker–Feldman* does not address potential conflicts between federal and state court orders. That is the purview of the doctrines of comity, abstention, and preclusion. Instead, *Rooker–Feldman* focuses on whether the state court decision caused the injury"). Similarly, 28 U.S.C. § 1257 does not stop "a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293.

To determine whether a claim attacks a state court judgment, which would be within the scope of the *Rooker-Feldman* doctrine, the Sixth Circuits instructs district courts to evaluate "the source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the [plaintiff's] injury is the state-court decision, then the *Rooker-Feldman* doctrine [applies]. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Lawrence v. Welch,* 531 F.3d 364, 368 (6th Cir. 2008) (quoting *McCormick*, 451 F.3d at 393). Importantly, "[a] court cannot determine the source of the injury 'without reference to [the plaintiff's] request for relief.'" *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012) (alteration in original) (quoting *Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011)).

Courts within this Circuit have consistently determined that the *Rooker-Feldman* doctrine does not bar a FDCPA claim relating to the underlying state court judgment. *See e.g., VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 403 (6th Cir. 2020) (finding that the *Rooker-Feldman* doctrine did not apply to bar plaintiff's FDCPA claim that defendants "willfully and intentionally collected and attempted to collect amounts that they are not entitled to collect" because the plaintiff's targeted the defendant's actions rather than the state-court judgment); *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 892-93 (6th Cir. 2020) (declining to apply the *Rooker-Feldman* doctrine to plaintiff's claim because "plaintiff's lawsuit targets [defendant's] actions . . . not the writs of garnishment themselves"); *Burke v. Lawrence & Lawrence, PLLC*, No. 315CV00861GNSCHL, 2018 WL 1440837, at *2-3 (W.D. Ky. Mar. 22, 2018) (holding that the *Rooker-Feldman* doctrine did not apply to bar the plaintiff's claim because the plaintiff "articulated actions of wrongdoing by Defendant occurring prior to the entry of the judgment in the state-court action"); *Wood v. Midland Funding, LLC*, 698 F. App'x 260, 263-64 (6th Cir. 2017) (finding that the *Rooker-Feldman* doctrine did not prevent plaintiff's claim because "[p]laintiffs do not seek to have the orders vacated . . ."). Likewise, this case is not the rare one that threads the *Rooker-Feldman* needle.

Although the Hardin County District Court entered the Agreed Judgment between Hawkins and Mariner Finance, and that judgment was subsequently affirmed by the Hardin County Circuit Court, Hawkins' Complaint does not assert that the Agreed Judgment is illegal, unconstitutional, or should be voided. The source of Hawkins' claim involves representations by Bruce that occurred prior to the entry of the Agreed Judgment and other orders in the state court action. Specifically, Hawkins asserts that Bruce violated provisions of the FDCPA when he sought to collect "usurious interest from Mr. Hawkins on behalf of Mariner that neither he nor Mariner had any legal or

contractual right to collect." DN 1 at 6. As such, Hawkins' pending claim is separate and distinct from the state court judgment because it concerns alleged false representations about Mariner Finance's ability to recover interest of 34.55% per annum.

Accordingly, the *Rooker-Feldman* doctrine does not bar Hawkins' FDCPA claim regarding the collection of "usurious interest."

### b. Collateral Estoppel

Hawkins failed to provide the Court with any authority or argument to explain why his claim is not precluded by collateral estoppel. In fact, Hawkins' Response does not even attempt to address the consequences of collateral estoppel regarding any of the claims asserted in his Complaint. As such, Hawkins failure to respond to Bruce's arguments or provide any alternatives to the analysis included herein operates as a concession of Bruce's collateral estoppel defense. *See e.g., Scott v. State of Tenn*., 878 F.2d 382 (6th Cir. 1989) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Pirozak v. Knight*, No. 2:19-CV-499, 2020 WL 1290244, at *11 (S.D. Ohio Mar. 18, 2020) ("Plaintiff does not respond to this argument in her response, and as such, waives opposition to dismissal on these grounds").

Even assuming, arguendo, that Hawkins failure to respond to Bruce's collateral estoppel defense does not operate as a concession, his claim is still precluded. Collateral estoppel, also known as issue preclusion, prevents "subsequent relitigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit." *Cobbins v. Tennessee Dep't of Transp*., 566 F.3d 582, 589 (6th Cir. 2009) (citing Restatement (Second) of Judgments § 13 (1982)). The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to give a "state-court judgment the same preclusive effect as would

11

be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also McAdoo v. Dallas Corp.*, 932 F.2d 522, 524 (6th Cir. 1991) (explaining that *Migra* "interprets 28 U.S.C. § 1738 as requiring us to adopt the same doctrine of collateral estoppel as the state in which the earlier judgment was rendered"). Therefore, we must look to Kentucky law to determine the preclusive effect of the Hardin County District Court's order, as well as the memorandum opinion entered by the Hardin County Circuit Court, which upheld a provision of the parties Agreed Judgment that allowed Mariner Finance to collect a 34.55% contract rate of interest.

Under Kentucky law, collateral estoppel operates as a bar to further litigation if four elements are satisfied: (1) "the issue in the second case must be the same as the issue in the first case;" (2) "the issue must have been actually litigated;" (3) the issue must have been "actually decided in the [first] action;" and (4) "the decision on the issue in the prior action must have been necessary to the court's judgment." *Yeoman v. Com., Health Pol'y Bd.*, 983 S.W.2d 459, 465 (Ky. 1998) (citing Restatement (Second) of Judgments § 27 (1982)).

Here, Hawkins seeks to bring a repeated action based upon the same operative facts and issues raised in state court despite a slight change in legal theory and cast of characters. Hawkins previously asked the Hardin County District Court and Hardin County Circuit Court to determine whether the Loan Note permits Mariner Finance to recover a contract rate of interest of 34.55% from Hawkins. DN 6-1 at 4-7. Hawkins now asks this Court to resolve the same issue—whether the Loan Note gives Bruce and Mariner Finance the right to collect a contract rate of interest of 34.55%. DN 1 at 6. In fact, Hawkins' Complaint restates, almost verbatim, the arguments he raised in his motion to vacate the Agreed Judgment. DN 1 at 3-5, DN 6-1 at 5-7. Therefore, the first

element of collateral estoppel is satisfied because this Court would be required to examine the same issue raised in an earlier action.

As to the second element, the record demonstrates that the issue was previously litigated. Hawkins, who is currently represented by the same attorneys he engaged to defend him in the earlier state court action, argued in his motion to vacate that the Agreed Judgment should be set aside because Mariner Finance did not have the "right to charge or collect a contract rate interest of 34.55% per annum" because "the [Loan] Note does not provide for conversion . . . to an interest-bearing note." DN 6-1 at 7. Hawkins also contended that Mariner Finance's "take-it-or-leave-it offer . . . falsely represented to Mr. Hawkins that the [Loan] Note gave Mariner [Finance] the right to charge and collect a contract rate of interest of 34.55% per annum." DN 6-1 at 7. Therefore, the second element of collateral estoppel is satisfied because the record demonstrates that the present issues regarding the contract rate of interest were raised in Hawkins' motion to vacate and presumably addressed by his attorneys during oral argument.

As to the third element, the state court's discussion of the contract rate of interest reveals that it "actually decided" whether the rate charged was "usurious." Although the Hardin County District Court did not render a memorandum opinion supporting its order to deny Hawkins' motion to vacate, its decision to uphold the Agreed Judgment followed briefing and oral argument on the issue, as well as due consideration. DN 6-2 at 2, 6-3 at 2. Further, Judge Easton of the Hardin County Circuit Court authored a memorandum opinion that discussed "the dispute about [the] interest on the debt, which was the subject of this district court collection case." DN 6-3 at 2. Judge Easton explained that the Loan Note "shows the interest rate charged" and concluded that the "rate did not violate the governing statutes." DN 6-3 at 2. Therefore, the third element of collateral

estoppel is satisfied because two state courts "actually decided" whether Mariner Finance possessed the legal ability to collect the contract rate of interest represented and charged.

As to the final requirement, the record establishes that the state court's findings were not incidental or collateral determinations of nonessential issues. The Hardin County District Court did not accept Hawkins' argument that Mariner Finance falsely represented its "right to charge and collect a contract rate of interest of 34.55% per annum." DN 6-1 at 7. Likewise, Judge Easton considered the issue on appeal and found that Hawkins' "claim of usurious interest was arguable at best." DN 6-3 at 2. She explained that "[t]he rate did not violate the governing statutes" and that the circumstances did not establish that Mariner Finance committed "fraud or mistake" when its attorney, Bruce, represented Mariner Finance's ability to collect a 34.55% contract rate of interest. DN 6-3 at 2-3. Therefore, the fourth element of collateral estoppel is satisfied considering both state courts denied Hawkins' motion to vacate after finding that Mariner Finance could legally collect the contract rate of interest charged.

Accordingly, collateral estoppel precludes Hawkins from advancing a FDCPA claim regarding Bruce's ability, on behalf of Mariner Finance, to collect a contract rate of interest of 34.55% from Hawkins.

### B.  Hawkins' Motion for Leave to File Amended Complaint

After Bruce moved to dismiss, Hawkins filed a motion for leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). DN 9. The proposed amended complaint "includes additional allegations and claims related to . . . Bruce's attempts to collect attorney's fees" and "removes erroneous claims from [Hawkins'] original Complaint regarding wage garnishment." DN 9 at 1. Specifically, the last paragraph of Hawkins' amended factual allegations states that Bruce violated the FDCPA by: "(i) misrepresenting the character and status

14

of the [Loan] Note by falsely claiming in the collection complaint he drafted and filed against Mr. Hawkins and in the Agreed Judgment he drafted and sent to Mr. Hawkins that he had the right to collect interest based on the [Loan] Note; (ii) misrepresenting and grossly overstating the amount due in the Agreed Judgment; (iii) falsely representing that Mariner had the right to recover attorney's fees from Mr. Hawkins on one-third basis in the Agreed Judgment Mr. Bruce drafted and sent to Mr. Hawkins on Mariner's behalf; and (iv) collecting usurious interest from Mr. Hawkins on behalf of Mariner that neither he nor Mariner had any legal or contractual right to collect from Mr. Hawkins." DN 9-1 at 6-7.

Bruce opposed Hawkins' motion for leave to amend. DN 12. He argues that Hawkins' amended claims are futile and would not survive a motion to dismiss considering the *Rooker-Feldman* doctrine, collateral estoppel, and provisions of the FDCPA. DN 12 at 3-6, 14 at 7-10. On the other hand, Hawkins contends that his amended claims are not barred under the *Rooker-Feldman* doctrine and that his claim regarding Mariner Finance's right to recover attorney's fees is viable based on *Key v. Mariner Fin., LLC*, No. 2019-CA-1785-MR, 2020 WL 7083270 (Ky. Ct. App. Dec. 4, 2020). DN 11 at 9-12. However, Hawkins did not address whether collateral estoppel precludes his amended claims.

### 1. Federal Rule of Civil Procedure 15(a)(2)

Rule 15(a)(2) states that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In evaluating the interests of justice, a district court should consider several factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

A proposed amendment is futile, and would not warrant granting leave to amend, "if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (internal citation and quotation marks omitted). "The test, therefore, is whether the amended pleading, with all the factual allegations accepted as true, states a claim for relief, not whether the claim is factually supportable or would be sufficient to withstand a motion for summary judgment." *Cato v. Prelesnik*, No. 1:08-CV-1146, 2010 WL 707336, at *2 (W.D. Mich. Feb. 22, 2010).

### i.     The Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine does not preclude Hawkins' amended claims. *See Van Hoven*, 947 F.3d at 892-93. Hawkins' proposed amended complaint does not ask this court to void or overturn the Agreed Judgment. Instead, Hawkins requests the Court to consider whether Bruce's representations in the Collection Complaint and the Agreed Judgment violated the Loan Note and provisions of the FDCPA.

### ii.     Collateral Estoppel

Similarly, collateral estoppel does not preclude Hawkins' proposed claim that Bruce allegedly violated the FDCPA by falsely representing Mariner Finance's ability to collect attorney's fees as requested in the Collection Complaint and delineated in the Agreed Judgment. Although Hawkins' motion to vacate argued that "Mariner [Finance] should not be rewarded with an award of attorney's fees based on false and fraudulent representation to Mr. Hawkins," Bruce fails to demonstrate that this claim was necessary to the court's judgment. *See Whittenberg Eng'g & Const. Co. v. Liberty Mut. Ins. Co.*, 390 S.W.2d 877, 883 (Ky. 1965) ("The party asserting the application of the doctrine of collateral estoppel by judgment must plead and prove that the question presented in the instant action was actually litigated and determined by the judgment in

the prior action"). Neither the Hardin County District Court's order denying Hawkins' motion, nor the memorandum opinion drafted by Judge Easton of the Hardin County Circuit Court discuss whether the attorney's fees included in the Agreed Judgment are reasonable or comply with the Loan Note. Thus, despite Hawkins apparent attempt to relitigate an issue that he raised and actually litigated in the prior state court action, this claim is not futile.

However, Hawkins' proposed claims regarding representations Bruce made in the Agreed Judgment about the interest rate Mariner Finance could collect are futile. As noted above, Hawkins previously raised and actually litigated whether Mariner Finance could collect interest from Hawkins at a contract rate of interest of 34.55% per annum. The issue was also "actually decided" and "necessary to the judgment." Although the Hardin County District Court did not render a memorandum opinion formally discussing this issue, the record evidences that the court reviewed Hawkins' brief, permitted oral argument, noted its consideration of the issue, and published an order rejecting Hawkins' effort to vacate on this ground. DN 6-2 at 2, 6-3 at 2. Further, Judge Easton's memorandum opinion elaborates on the district court's findings, noting that Hawkins' "claim of usurious interest was arguable at best," and "did not violate the governing statutes." DN 6-3 at 2. As such, Hawkins' proposed claims amount to nothing more than a "hail marry" attempt by a state-court loser to convince this Court that the issues raised, litigated, and decided below are not the same in light of the FDCPA.

Accordingly, Hawkins' proposed claims regarding the interest rate charged and collected are futile because they could not sustain a motion to dismiss.

### iii.   15 U.S.C. § 1692e

Hawkins' Complaint does not reference the subsection of the FDCPA that Bruce allegedly violated when he "falsely represented that Mariner had the right to recover attorney's fees from

17

Mr. Hawkins on [a] one-third basis in the Agreed Judgment." DN 9-1 at 7. Nevertheless, the Court

will consider the viability of this claim under 15 U.S.C. § 1692e(2)(A) and (B) based on Hawkins

citation to § 1692e(2)(A) in the portion of his Response addressing this claim and his statement in

the proposed amended complaint that "Bruce violated 15 U.S.C. 1692e . . . and one or more

subsections." DN 9-1 at 7, 11 at 9.

> 15 U.S.C. 1692e(2) provides that:

>> A debt collector may not use any false, deceptive, or misleading
>> representation or means in connection with the collection of
>> any debt. Without limiting the general application of the foregoing, the
>> following conduct is a violation of this section . . . [t]he false
>> representation of (A) the character, amount, or legal status of any
>> debt; or (B) any services rendered or compensation which may be
>> lawfully received by any debt collector for the collection of a debt.

To determine whether a debt collector's conduct runs afoul of this provision, the Sixth Circuit

instructs district courts to apply an objective test that views any alleged violation through the lens

of the least sophisticated consumer. *See Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443,

450 (6th Cir. 2014), as amended (Dec. 11, 2014); *Gionis v. Javitch, Block, Rathbone, LLP*, 238

Fed. App'x. 24, 28 (6th Cir. 2007); *Harvey v. Great Seneca Fin. Corp*., 453 F.3d 324, 331 (6th

Cir. 2006).

Here, Hawkins' proposed amended complaint fails to state a claim evidencing that Bruce's

representations within the Collection Complaint amount to a false representation of Mariner

Finance's ability to recover attorney's fees. The structure of the Collection Complaint, which was

drafted by Bruce on behalf of Mariner Finance, indicates that the request for attorney's fees

complies with the Loan Note's provisions and was aspirational. The Loan Note requires Hawkins

to pay "costs and expenses," including "reasonable attorneys' fees and court costs incurred, to the

maximum amount permitted by law," if Mariner Finance files suit or takes action to collect on the

Loan Note. DN 1-2 at 5. The Loan Note's Consumer Security Agreement also explains that "[t]his Security Agreement [] secures the payment of . . . all of [Mariner Finance's] cost and expenses, including reasonable attorneys' fees, incurred in the collection of any debt secured hereby . . . ." DN 1-2 at 6.

Paragraph four of the Collection Complaint states that "Mariner Finance is entitled to collect from [Hawkins] its attorney's fees to the extent actually paid or agreed to be paid. Attorney fees agreed to be paid equal the sum of one-third of the amount sued upon and collected." DN 1-2 at 2. The Collection Complaint's prayer for relief similarly requests the Hardin County District Court to award Mariner Finance "[f]or its costs expended herein as provided in the note; including a reasonable attorney's fee." DN 1-2 at 3.

Although the Collection Complaint appears to outline the fee arrangement between Bruce and Mariner Finance and invites the Hardin County District Court to award attorney's fees based on this arrangement, the prayer for relief merely asks the court for "a reasonable attorney's fee." DN 1-2 at 3. The prayer for relief is not a demand to Hawkins himself; instead, it is nothing more than a recommendation or suggestion to a third party—the court—for consideration, and does not prevent the court from exercising its discretion to award attorney's fees based on its own evaluation of the facts. Further, Hawkins fails to allege that he, or the least sophisticated debtor, did, or would have, perceived the Collection Complaint's request for attorney's fees as false considering the Loan Note's provisions. Therefore, Bruce's representations within the Collection Complaint can hardly be considered false, deceptive, or unconscionable to any debtor because the Loan Note unquestionably permits a court to award Mariner Finance with reasonable attorney's fees as a cost of collection.

19

Hawkins' proposed amended complaint also fails to state a claim that the specific amount of attorney's fees Bruce included in the Agreed Judgment constitutes a false representation that is actionable under the FDCPA. Mariner Finance and Hawkins reached a settlement agreement on October 31, 2019, which provides, in relevant part, that "[Mariner Finance] shall recover from [Hawkins] . . . court costs of $180.50 and attorney's fees of $766.10." DN 1-3 at 2. The Agreed Judgment was subsequently signed and entered by the Hardin County District Court. DN 1-3 at 3.

Several months later, Hawkins filed a motion to vacate or amend the Agreed Judgment. DN 6-1. He argued that Mariner Finance "should not be rewarded with an award of attorney's fees based on false and fraudulent representations to Mr. Hawkins and [the Hardin County District Court]." DN 6-1 at 8-9. The Hardin County District Court was unpersuaded and denied Hawkins' motion. DN 6-2 at 2. Hawkins then appealed to the Hardin County Circuit Court, but Judge Kelly Mark Easton upheld the district court's order. DN 6-3 at 2-3.

Nevertheless, Hawkins requests this Court to find that an award of $766.10 is "unreasonable per se" and consequentially violates the FDCPA based on the Kentucky Court of Appeals holding in *Key v. Mariner Fin., LLC*, No. 2019-CA-1785-MR, 2020 WL 7083270 (Ky. Ct. App. Dec. 4, 2020). DN 11 at 9-12. In *Key*, Mariner Finance filed a collection complaint against the Keys and requested reasonable attorney's fees. *Id.* at *1. The Keys failed to respond or file an answer and Mariner Finance moved for a default judgment, which included an affidavit requesting a sum certain amount of attorney's fees based on a 33% contingency fee agreement it had with outside counsel. *Id.* The Daviess Circuit Court subsequently entered Mariner Finance's tendered default judgment and awarded attorney's fees in the amount requested. *Id.* at *2.

Several months later, the Keys filed a motion to vacate the default judgment, arguing, in part, that the attorney's fees were unsupported by the note or Kentucky law because "the Note

provided for the recovery of reasonable attorney's fees in the event of a default, not attorney's fees on a contingency fee basis." *Id*. The Daviess Circuit Court denied the Key's motion. *Id*.

On appeal, the Kentucky Court of Appeals held that that the Daviess Circuit Court should have (1) "determined if the attorney's fee was reasonable before signing and entering the tendered judgment," and (2) "required Mariner Finance to demonstrate that the one-third contingency fee was not excessive and that it accurately reflected the reasonable value of the bona fide legal expenses incurred." *Id* at *5. The court then remanded the action to Davies Circuit Court to "determine a reasonable attorney's fee" based on a consideration of "all relevant factors and [] proof of reasonableness from Mariner Finance demonstrating that its attorney's fee was not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." *Id*. at *6.

Here, Hawkins asks the Court to seemingly apply an inferential step between the court's opinion in *Key* and his proposed claim under 15 U.S.C. § 1692e. However, Hawkins request is unsustainable. Unlike the facts presented in *Key*, Mariner Finance did not seek a default judgment against Hawkins or request the Hardin County District Court to enter an amount of attorney's fees at a hearing in which Hawkins was not present. Instead, Hawkins and Mariner Finance reached a settlement agreement, which delineated an amount of attorney's fees that was separate from the underlying debt obligation and evidenced an expense that Hawkins promised to pay.

Further, the court's opinion in *Key* neither holds that a creditor's attempt to collect attorney's fees in the amount of one-third of the underlying debt violates Kentucky law nor discusses whether such an attempt violates the FDCPA. In fact, the FDCPA does not address the reasonableness of attorney's fees awarded as a cost of collection or provided as part of a settlement agreement; instead, the FDCPA examines whether a false representation occurred. Therefore,

Hawkins cannot pursue his proposed claim in federal court because the FDCPA is not the appropriate avenue to question the reasonableness of the fee.

Accordingly, Hawkins' proposed claim regarding representations Bruce made to Hawkins in court documents about Mariner Finance's ability to recover attorney's fees is futile because it does not plausibly state a claim for relief.[2]

### III. CONCLUSION

For the reasons discussed herein, Bruce's motion to dismiss, which is being treated, in part, as a motion for summary judgment, will be granted by separate order.

April 5, 2021



Charles R. Simpson III, Senior Judge
United States District Court

---

[2] Hawkins' proposed claim that Bruce violated the FDCPA by "misrepresenting and grossly overstating the amount due in the Agreed Judgment" is also futile. Hawkins does not assert any factual statements within his proposed amended complaint indicating that Bruce's representation within the Agreed Judgment about the amount outstanding on the loan was fraudulent. To the extent that this claim implies that the amount due was overstated in light of the contract rate of interest and attorney's fees stated in the Agreed Judgment, the claim also fails because the Court has found that Hawkins failed to plead any viable federal claim that demonstrate Bruce falsely represented the contract rate of interest or attorney's fees that Mariner Finance could collect.

22