**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

CHRISTOPHER HAWKINS                                    PLAINTIFF

vs.                                    CIVIL ACTION NO. 3:20-CV-686-CRS

JAMES E. BRUCE                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on the motion of the Plaintiff, Christopher Hawkins ("Hawkins"), for reconsideration of the Court's April 6, 2021 order that dismissed his claims and denied his motion for leave to amend. DN 17. Defendant, James Bruce ("Bruce"), responded in opposition to the motion. DN 18. Hawkins then filed a reply. DN 19. The matter is now ripe for review.

For the reasons stated herein, Hawkins' motion for reconsideration will be denied.

## I. BACKGROUND

Hawkins brought this lawsuit for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). DN 1. Bruce filed a motion to dismiss, arguing that collateral estoppel and the Federal Rules' pleading standards warranted dismissal. DN 6 at 5-11. Hawkins subsequently filed a motion for leave to amend his Complaint and responded in opposition to Bruce's motion to dismiss. DN 9, 11. Bruce then responded in opposition to Hawkins' motion for leave to amend and filed a reply in support of his motion to dismiss. DN 12, 14. Upon review of the parties' briefs and exhibits, the Court issued a memorandum opinion and order that granted Bruce's motion and denied Hawkins' request for leave to amend. DN 15, 16.

Hawkins now moves this Court to reconsider its prior order pursuant to Federal Rule of Civil Procedure 59(e). DN 17. The pertinent facts concerning the disposition of this motion were stated in our earlier memorandum opinion. DN 15 at 1-3.

## II. <u>LEGAL STANDARD</u>

Although the Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *See e.g., Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *Trient Int'l Corp. v. Kentucky*, 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005); *Melton v. Litteral*, No. 1:17-CV-00120-GNS, 2018 WL 5258626, at *2 (W.D. Ky. Oct. 22, 2018). "[A] court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

Rule 59(e) should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (citing *In re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D. Ind. 1994). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White*, 2008 WL 782565, at *1. "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 316CV00024RGJRSE, 2019 WL 1748539, at *1 (W.D. Ky. Apr. 18, 2019).

# III. <u>ANALYSIS</u>

Hawkins' pending motion argues that this Court should overturn its prior decision for three reasons: (1) the Court's statement in Footnote 1 is a "misnomer/misstatement . . . which is material"; (2) the Court "did not take into account [Hawkins'] unamended Complaint as a whole, and instead limited its characterization of [his] claims to the typographically flawed recapping of [his] unamended Complaint . . ."; and (3) "the Court missed that [Hawkins'] unamended Complaint specifically alleged the state court collection complaint filed by Bruce against [] Hawkins falsely represented that Hawkins owed Mariner [Finance] contract interest under the Note 'at the rate set forth in the note' even though the Note did not contain any term or provision allowing for contract interest at any rate." DN 17 at 1-6. Hawkins also contends in his Reply that the Court erred when it (1) concluded that the Hardin County District Court actually decided whether the rate charged was usurious and (2) denied his motion for leave to amend in order to add a claim regarding Bruce's alleged false representation of Mariner Finance's contractual or legal ability to collect attorney's fees on a one-third basis. DN 19 at 1-6. The Court disagrees.

Footnote one of the Court's prior memorandum opinion was not a "misnomer/misstatement." The footnote was included to broadly state the difference between a precomputed loan and a simple interest loan and was not material to the decision. In fact, the Court's statement is akin to descriptions articulated by other courts. *See e.g., Key v. Mariner Fin., LLC*, 617 S.W.3d 819, 821 n.1 (Ky. Ct. App. 2020) ("A precomputed loan adds all the interest that will be due over the term of the loan to the principal amount. The sum of the principal and interest over the life of the loan are then divided by the number of scheduled loan payments to determine each monthly payment"); *Randall v. St. Charles Mortg. & Loan Inc.*, 756 So. 2d 514, 515 (La. Ct. App. 2000) ("A precomputed consumer credit transaction means a consumer credit transaction

under which loan finance charges or credit service charges are computed in advance over the entire scheduled term of the transaction and capitalized into the face amount of the debtor's promissory note or other evidence of indebtedness") (internal citation and quotation marks omitted); *In re McMurray*, 218 B.R. 867, 870 (Bankr. E.D. Tenn. 1998) ("in the case of precomputed loan transactions . . . the interest is added to the amount borrowed at the beginning so that the total debt equals the amount borrowed plus interest for the entire term of the loan").

The Court also did not commit an error of law when it dismissed Hawkins' claim that Bruce violated the FDCPA by "misrepresenting the character and status of the [] Note by falsely claiming in the collection complaint he drafted and filed against [] Hawkins and in the Agreed Judgment he drafted and sent to [] Hawkins." DN 1 at 6. Although Hawkins contends that the Court did not "read [his] unamended Complaint as a whole and in the light most favorable to [him]," he has not offered any additional elucidation of this assertion.

Similarly, the Court did not commit an error of law when it dismissed Hawkins' claim that Bruce violated the FDCPA by "collecting usurious interest . . . on behalf of Mariner [Finance]" for two independent reasons: (1) Hawkins' failure to respond to Bruce's collateral estoppel defense operated as a concession and (2) the collateral estoppel doctrine actually applied. DN 1 at 6. Although Hawkins now contends, for the first time in his Reply, that collateral estoppel should not preclude his claim, this argument is fleeting based on the well-settled rule that issues are waived "when they are raised for the first time in motions requesting reconsideration or in replies to responses." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *see also Teasley v. Comm'r of Soc. Sec.*, No. 2:18-CV-1079, 2020 WL 1275657, at *1 (S.D. Ohio Mar. 17, 2020); *Sims v. Piper*, No. 07-14380, 2008 WL 3318746, at *4-5 (E.D. Mich. Aug. 8, 2008). Further, this Court properly applied the collateral estoppel doctrine to the interest rate issue considering that

Hawkins' Complaint relitigates questions previously raised and answered by two state courts. The Hardin County District Court upheld the Agreed Judgment between Hawkins and Mariner Finance after it reviewed the parties' briefs and conducted oral argument regarding the interest rate issue. DN 6-2 at 2. The Hardin County Circuit Court reached the same conclusion on appeal and issued a memorandum opinion that stated "[t]he rate did not violate the governing statutes" and "[t]he circumstances did not establish fraud." DN 6-3 at 2.

Additionally, the Court did not commit an error of law when it denied Hawkins' attempt to amend his complaint to include a claim that Bruce "falsely represent[ed] that Mariner [Finance] had the right to recover attorney's fees from [] Hawkins on a one-third basis in the Agreed Judgment [] Bruce drafted and sent to [] Hawkins' on Mariner [Finance's] behalf." DN 9-1 at 7. Even when Hawkins' proposed amended complaint is viewed in the light most favorable to him with all reasonable inferences drawn in his favor, the proposed claim is futile since the underlying Note does not contractually preclude Mariner Finance from ultimately collecting an attorney fee in an amount equivalent to one-third of the underlying debt. Likewise, Bruce did not falsely represent Mariner Finance's legal authority to collect $766.10 of attorney's fees in the Agreed Judgment considering that *Key v. Mariner Fin., LLC*, 617 S.W.3d 819, 821 (Ky. Ct. App. 2020) does not stand for the proposition that attorneys cannot request or ultimately collect the sum of one-third of the amount sued upon.[1]

Moreover, Hawkins' proposed claim is futile to the extent that it alleges that Bruce violated the FDCPA by making a false, deceptive, or misleading statement in the Collection Complaint. The Collection Complaint does not combine a request for attorney's fees with the principal debt

---

[1] Hawkins has not provided the Court with any other substantive authority to support his contention that Mariner Finance could not legally collect the amount of attorney's fees represented in the Agreed Judgment. Although Hawkins' Reply cites *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 451 (6th Cir. 2014), as amended (Dec. 11, 2014) in an effort to support his argument, *Stratton* does not discuss attorney fees whatsoever.

owed, demand a liquidated sum certain amount of attorney's fees, or specify that Hawkins' Note required him to pay a specific amount of attorney's fees upon default. *See Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C.*, No. 1:04-CV-733, 2005 WL 2180481, at *3-7 (W.D. Mich. Sept. 9, 2005) (law firm violated the FDCPA when it included a liquidated sum of attorney's fees with the principal debt owed and claimed in an affidavit in support of a default judgment that the damages amount was a sum certain); *but see Winn v. Unifund CCR Partners*, No. CV 06-447-TUC-FRZ, 2007 WL 974099, at *3 (D. Ariz. Mar. 30, 2007) (no FDCPA violation existed where a prayer for relief requested the court to "find an amount not less than $2,486.24 to be reasonable" since the statement did not appear alongside enumerated paragraphs outlining the plaintiff's obligations under the credit card agreement and was "not an assertion that this specific amount [was] explicitly authorized by the credit agreement"); *Gaisser v. Portfolio Recovery Assocs., LLC*, 571 F. Supp. 2d 1273, 1279 (S.D. Fla. 2008) (holding that neither a statement in a complaint that "in the event this matter is resolved by way of default a reasonable attorney fee would be $750" nor a statement in an affidavit in support of default that "$500 would be a reasonable attorney fee for the services rendered" violated 15 U.S.C. § 1692e, considering that the attorney who prepared the documents "did not state the reasonable fees as a sum certain in the state complaint or affidavit"); *Reyes v. Kenosian & Miele, LLP*, 619 F. Supp. 2d 796, 808 (N.D. Cal. 2008) ("assuming Defendants' are entitled to attorney's fees, a request for fees, in and of itself, was not a false representation"); *Scioli v. Goldman & Warshaw P.C.*, 651 F. Supp. 2d 273, 280 (D.N.J. 2009) ("even the least sophisticated debtor could not reasonably believe that he owed $3,887.83, which includes the $82.86 Statutory Attorney's Fee, at the outset of the state court litigation . . . [because] he could only conclude that [Defendant] had initiated a lawsuit seeking the amounts itemized on the summons"). Instead, the Collection Complaint alleges facts that do not

include a sum certain amount of attorney's fees and a prayer for relief that invites the Hardin County District Court to award a reasonable attorney's fee.

Accordingly, Hawkins' has not demonstrated that the Court committed a clear error of law in its April 6, 2021 memorandum opinion or order.

## IV. CONCLUSION

For the reasons discussed herein, Hawkins' motion for reconsideration will be denied by separate order.

June 29, 2021

Charles R. Simpson III, Senior Judge
United States District Court